IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. PARKER SR.,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CAROLYN W. COLVIN, ACTING** )<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY,** )<br>**Defendant.** )<br>_____) | Case No. 15-9263-CM |

### MEMORANDUM AND ORDER

Plaintiff Michael E. Parker, Sr., proceeding pro se, claims that he became unable to work on April 1, 2005, because of the following health issues: (1) lung disease; (2) chronic back pain; and (3) knee pain. He seeks disability benefits pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 et seq, and supplemental security income under 42 U.S.C. §§ 1381 and 1382c(a)(3)(A). Three administrative law judges (ALJs) have now denied plaintiff benefits. District of Kansas judges have twice remanded the case before.

Plaintiff's arguments are not entirely clear to the court, but he appears to challenge (1) the ALJ's determination of plaintiff's credibility; (2) the ALJ's assessment of third-party evidence; (3) the weight that the ALJ gave plaintiff's treating physician; and (4) the ALJ's assessment of plaintiff's respiratory condition. Significantly, in the Commissioner's response brief, the Commissioner identified these arguments, and plaintiff did not correct the Commissioner's characterization of his position in a reply brief. After reviewing the record, the court makes the following rulings.

-1-

**I.      Legal Standard**

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record?  (2) Did the ALJ apply the correct legal standards? *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).  "Substantial evidence" is a term of art.  It means "more than a mere scintilla" and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)).  When evaluating whether the standard has been met, the court is limited; it may neither reweigh the evidence nor replace the ALJ's judgment with its own.  *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)).  On the other hand, the court must examine the entire record—including any evidence that may detract from the decision of the ALJ.  *Jaramillo v. Massanari*, 21 F. App'x 792, 794 (10th Cir. 2001) (citing *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)).

Plaintiff bears the burden of proving disability.  *Hunter*, 321 F. App'x at 792.  A disability requires an impairment—physical or mental—that causes one to be unable to engage in any substantial gainful activity.  *Id*. (quoting *Barnhart v. Walton*, 535 U.S. 212, 217 (2002)).  Impairment, as defined under 42 U.S.C. § 423(d)(1)(A), is a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

The ALJ uses a five-step sequential process to evaluate disability claims.  *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (citation omitted).  But the ALJ may stop once he makes a disability determination; he does not need to continue through subsequent steps if he is able to find a claimant disabled or not disabled at an intermediate step.  *Id*.

The components of the five-step process are:

- **Step One**:  The plaintiff must demonstrate that he is not engaged in substantial gainful employment activity.  *Id*.  If the plaintiff meets this burden, then the ALJ moves to Step Two.

- **Step Two**:  The plaintiff must demonstrate that he has a "medically severe impairment or combination of impairments" that severely limits his ability to do work.  *Id*. (internal quotation omitted).

    o   If the plaintiff's impairments have no more than a minimal effect on his ability to do work, then the ALJ can make a nondisability determination.

    o   If plaintiff makes a sufficient showing that his impairments are more than minimal, then the ALJ moves to Step Three.

- **Step Three**:  The ALJ compares the impairment to the "listed impairments"—impairments that the Secretary of Health and Human Services recognizes as severe enough to preclude substantial gainful activity.  *Id*. at 751.

    o   If the impairment(s) match one on the list, then the ALJ makes a disability finding.  *Id*.

    o   If an impairment is not listed, the ALJ moves to Step Four of the evaluation.  *Id*.

- **Prior to Step Four**:  The ALJ must assess the plaintiff's RFC.  *Baker v. Barnhart*, 84 F. App'x 10, 13 (10th Cir. 2003) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)).

- **Step Four**:  The plaintiff must show that he cannot perform her past work.  *Williams*, 844 F.2d at 751.  If plaintiff shows that he cannot, the ALJ moves to the last step.

- **Step Five**:  Here, the burden shifts to the ALJ.  The ALJ must show that the plaintiff can perform some work that exists in large numbers in the national economy.  *Id*.

II.   <u>Analysis</u>

  A.  **The Administrative Decision**

The ALJ made the following determinations:

- **Step One**: Plaintiff has not engaged in substantial gainful activity since April 1, 2005.

- **Step Two**: Plaintiff has severe impairments of degenerative disc disease, tendonitis, and interstitial lung disease.

- **Step Three**: Plaintiff's impairments do not meet or medically equal a "listed impairment."

- **Prior to Step Four**: Plaintiff has the RFC to perform sedentary work with the following limitations:

    o Never climb ladders, ropes, scaffold, ramps, or stairs;

    o Occasionally stoop or kneel;

    o Never crouch or crawl;

    o Alternate between sitting and standing up to every forty-five minutes;

    o Use a cane;

    o No requirement to operate a motor vehicle;

    o Must work in a temperature-controlled environment; and

    o Avoid concentrated exposure to pulmonary irritants, unprotected heights, excessive vibrations, and hazardous machinery.

- **Step Four**: Plaintiff has no past relevant work.

- **Step Five**: There are jobs that exist in significant numbers in the national economy that plaintiff can perform, including credit checker, administrative support worker, and production checker.

- **Conclusion**: Plaintiff has not been disabled since April 1, 2005.

B. **Plaintiff's Claims**

As mentioned above, plaintiff alleges four overriding errors with the ALJ's decision—all of which are ultimately challenges to what the ALJ found to be plaintiff's RFC. The court examines each of these claims below.

*1.     Plaintiff's Credibility*

Plaintiff first appears to claim that the ALJ erred in not finding plaintiff's statements about his limitations fully credible. (*See* Doc. 8 at 4–6 (explaining why plaintiff did not know the answers to some questions and clarifying how little plaintiff can do on a daily basis).)  When an ALJ's credibility determinations are supported by substantial evidence, the court will not upset them; they are "peculiarly the province of the finder of fact." *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (citation omitted). Credibility findings, however, should be more than a bare conclusion. The ALJ should show a close and affirmative link to substantial evidence, setting forth the specific evidence upon which he relies. *Sanders v. Astrue*, 266 F. App'x 767, 770 (10th Cir. 2008) (citing *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995); *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)). The ALJ may consider the following when making a credibility determination:

> (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) treatment for relief of the symptoms; (6) measures other than treatment used to relieve the symptoms (e.g. rest); and (7) any other factors.

Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *1 (July 2, 1996). But the ALJ is not required to formally address every factor. *See Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) (holding that a credibility finding "does not require a formalistic factor-by-factor recitation of the

-5-

evidence . . . [s]o long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility") (quotation marks and citation omitted).

Here, the ALJ explained his credibility reasoning in detail. Ultimately, even where he did not find plaintiff's claims credible, he still included limitations in his RFC determination to address plaintiff's allegations. The ALJ observed that plaintiff worked sporadically before his alleged disability onset. (R. at 705.) Plaintiff also participated in a number of daily activities and received routine or conservative treatment. (*Id.* at 706.) And the ALJ noted that the objective medical evidence did not support plaintiff's claims of disability due to his back pain or lung disease. (*Id.* at 704–05.) These were all valid considerations.

In his credibility assessment, the ALJ applied the correct law. His observations are also supported by substantial evidence in the record. The court reviewed in full the administrative record, and the ALJ's observations about plaintiff's activities and the medical evidence are accurate and consistent with the record. There is no reason to overturn the ALJ's decision based on his credibility assessment.

### 2. *Third-Party Evidence*

Plaintiff next appears to challenge the ALJ's weighing of third-party evidence. (Doc. 8 at 6.) In reaching his decision, the ALJ must demonstrate that he considered third-party statements. *Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006). Shirley Brown offered a written statement, representing that plaintiff did not have any problems with personal care, but that he rarely left the house. The ALJ considered this statement, as well as other statements in Exhibits 9E and 10E, but rejected them as inconsistent with the objective medical evidence. (R. at 707.) Although the ALJ did not reiterate how the statement was inconsistent with the objective medical evidence, there is no requirement that he do so. *See Endriss v. Astrue*, 506 F. App'x 772, 777 (10th Cir. 2012) ("The ALJ set forth a summary of

-6-

the relevant objective medical evidence earlier in his decision and he is not required to continue to recite the same evidence again in rejecting Dr. Wright's opinion."). Instead, the ALJ referenced the medical evidence that he had previously discussed. The record indicates that the ALJ fully considered the third-party statements. The court finds that the ALJ's decision is supported by substantial evidence and that he properly applied the law.

### 3. *Treating Physician's Opinion*

Next, plaintiff argues that Dr. Katta said plaintiff's limitations were greater than those adopted by the court. Dr. Katta opined that plaintiff should be able to move around, that he needed a cane, and that he should not lift over fifteen to twenty pounds. Although the ALJ gave only "moderate weight" weight to Dr. Katta's opinions, he did incorporate Dr. Katta's limitations into plaintiff's RFC. The ALJ limited plaintiff to sedentary work, lifting no more than ten pounds, and a temperature-controlled environment without pulmonary irritants. He also said that plaintiff needed to use a cane and to be able to alternate between sitting and standing. It is unclear how the ALJ's decision to give Dr. Katta's opinion moderate weight prejudiced plaintiff, as the ALJ incorporated Dr. Katta's restrictions.

Further, the ALJ's decision is supported by substantial evidence in the record. The ALJ pointed out the inconsistencies between Dr. Katta's findings and the record. (R. at 707.) And he gave specific, rational reasons for his decision. *See Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (providing that the ALJ must give "specific, legitimate reasons" for rejecting an opinion) (citation omitted). The court finds no error in the ALJ's decision to give Dr. Katta's opinion moderate weight.

### 4. *Interstitial Lung Disease, the RFC, and the Finding of Not Disabled*

Finally, all of plaintiff's challenges essentially go to whether the ALJ's creation of the RFC is supported by substantial evidence. For the reasons stated above, the court determines that it is. In addition, the ALJ's assessment of plaintiff's respiratory condition is also supported by substantial

-7-

evidence. The ALJ observed how plaintiff had not received treatment during large periods of time, and the objective medical evidence did not support more limitations than the ALJ gave. (R. at 704.) The ALJ also included a limitation to address any continued breathing problems that plaintiff has. The court finds no error with the ALJ's assessment of plaintiff's interstitial lung disease and its impact on plaintiff's ability to work.

In turn, the ALJ's finding that plaintiff was not disabled at step five is also supported. The ALJ questioned a vocational expert about the limitations he gave plaintiff, and the vocational expert testified that an individual with plaintiff's limitations (which are fully supported by the record) could perform several sedentary jobs that exist in significant numbers in the national economy.

Plaintiff also appears to suggest that the ALJ should have found him disabled without reference to vocational expert testimony because plaintiff is disabled under the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.00(h)(1). But this vocational profile requires that the plaintiff be "unable to communicate in English," or be "able to speak and understand English but [be] unable to read or write in English." The record includes no indication that plaintiff would be able to meet this standard.

In this case, the ALJ found plaintiff very limited in his ability to work. While he may have indicated that he questioned the severity of the impact plaintiff's impairments had on plaintiff's ability to work, he still limited plaintiff to sedentary work and adopted a number of further limitations on the activities plaintiff could do. Despite these limitations, the vocational expert still identified jobs that plaintiff could do. The court believes that the ALJ gave plaintiff the benefit of the doubt in many areas, and made no error in reviewing the record and applying the law.

**III.    Conclusion**

Based on the above analysis, the court affirms the Commissioner's decision.   Plaintiff is not entitled to relief on his appeal or the document he filed titled "Dispositive Motion" (Doc. 15).  This motion was filed untimely as a reply brief, and is otherwise not contemplated by this District's social security briefing requirements, as set forth in D. Kan. R. 83.7.1.  The court denies the motion.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is affirmed.

**IT IS FURTHER ORDERED** that plaintiff's "Dispositive Motion" (Doc. 15) is denied.

Dated this 19th day of July, 2016 at Kansas City, Kansas.

<pre>
                         s/ Carlos Murguia       
                         CARLOS MURGUIA
                         United States District Judge
</pre>